IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| JULIA M., on behalf of herself and her minor child, J.W.M., and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> DEBORAH E. SCOTT, Director of the Missouri Department of Social Services, JANEL R. LUCK, Interim Director of the Missouri Family Support Division, and STEVE RENNE, Interim Director of the Missouri Division of Medical Services, <br><br> Defendants. | Case No. 07-4036-CV-C-NKL |

ORDER

Plaintiff Julia M. brings this action on behalf of her daughter, J.W.M, and a proposed class of MC+ recipients,[1] to enjoin Defendants (a) to notify all MC+ recipients who are disenrolled from MC+ health coverage for failure to meet premium requirements of their right to appeal prior to disenrollment; (b) to provide the opportunity for continued enrollment and aid pending a hearing; and (c) to first determine whether such MC+ recipients are otherwise eligible for medical assistance. Pending before the Court are Plaintiffs' Motions for Class Certification [Doc. # 5] and Preliminary Injunction [Doc. #

---

[1] MC+ is a statewide medical assistance program for low-income families, pregnant women, and children under the age of 19.

11].  For the reasons set forth below, class certification is granted and oral argument is ordered on the Preliminary Injunction Motion

## I. Background

Missouri's State Children's Health Insurance Program (SCHIP) is a jointly funded state and federal program that provides health assistance to uninsured, low income children whose family income is above the State's Medicaid income limits, but who cannot afford private health insurance.  42 U.S.C. § 1397aa-jj.  Missouri's SCHIP program, called Medicaid MC+, provides that

> Parents and guardians of uninsured children with incomes between one hundred fifty-one and three hundred percent of the federal poverty level who do not have access to affordable employer-sponsored health care insurance or other affordable health care coverage may obtain coverage pursuant to this section. . . . The parents and guardians of eligible uninsured children pursuant to this section are responsible for a monthly premium equal to the average premium required for the Missouri consolidated health care plan . . . .

Mo. Rev. Stat. § 208.640.  However, if a participating parent fails to make a payment, "the child shall not be eligible for coverage under [Mo. Rev. Stat.] sections 208.631 to 208.660 for six months after the department provides notice of such failure to the parent or guardian."  Mo. Rev. Stat. § 208.646.

By accepting matching funds from the federal government, the MC+ program is bound by the requirements of the SCHIP Act and regulations promulgated by the Department of Health and Human Services (HHS).  Although there are many regulations applicable to this case, at a minimum, the SCHIP Act requires that

2

> (a) The State must give enrollees reasonable notice of and an opportunity to pay past due premiums, copayments, coinsurance, deductibles or similar fees prior to disenrollment.
> . . .
> (c) The State must provide the enrollee with an opportunity for an impartial review to address disenrollment from the program in accordance with § 457.1130(a)(3).

42 C.F.R. § 457.570 (a), (c). Such reviews include "disenrollment for failure to pay cost sharing," *id.* § 457.1130(a)(3), and the "State must ensure the opportunity for continuation of enrollment pending the completion of review of a suspension or termination of enrollment, including a decision to disenroll for failure to pay cost sharing." *Id.* § 457.1170. Finally, the State must determine a recipient's continuing eligibility for Medicaid under any alternative bases before terminating SCHIP benefits for ineligibility under the original basis. 42 U.S.C. § 1396(a)(8); 42 C.F.R. § 435.930(b).

Through a series of bank errors, J.W.M.'s monthly MC+ premium was not automatically deducted from her mother's account in a timely fashion and J.W.M.'s benefits were terminated. Julia M. received a notice of termination after benefits had already been terminated. Although the notice referenced a right to appeal, it did not indicate that J.W.M. had a right to continued benefits pending the outcome of that appeal. Nor did the notice indicate that the State had conducted any evaluation to determine whether J.W.M. was eligible for benefits under any other category before her benefits were terminated. Only after Julia M. initiated this lawsuit did the Defendants consent to reinstating J.W.M.'s MC+ benefits.

3

Plaintiffs allege that the Defendants routinely terminate benefits for nonpayment as they did in J.W.M.'s case without notifying recipients of their right to appeal and their right to continued benefits pending the outcome of that appeal. Plaintiffs seek to certify a class of plaintiffs which includes "[a]ll children residing in Missouri and who are receiving or who will receive MC+ health coverage and are required to pay a premium under Mo. Rev. Stat. § 208.640." They further seek a preliminary injunction requiring Defendants to provide notice and continued benefits required by the regulation to all class members.

## II.     Mootness

Defendants contend that the Court should consider neither Plaintiffs' request for injunctive relief nor for class certification since J.W.M.'s case has been mooted by the restoration of her benefits. Generally, "where [a] named plaintiff's personal claim becomes moot prior to district court's ruling on certification of a class action, the court loses jurisdiction over the action because the case or controversy requirement of Article III is violated." *Shipman v. Missouri Dep't of Family Servs.*, 877 F.2d 678, 682 (8th Cir. 1989). However, in *Sosna v. Iowa* the Supreme Court noted in dicta that

> There may be cases in which the controversy involving the named plaintiffs is such that it becomes moot as to them before the district court can reasonably be expected to rule on a certification motion. In such instances, whether the certification can be said to "relate back" to the filing of the complaint may depend upon the circumstances of the particular case and especially the reality of the claim that otherwise the issue would evade review.

4

419 U.S. 393, 402 n.11 (1975). In a subsequent case involving pretrial detainees, the Supreme Court cited its *Sosna* dictum to hold that the detainee case "belongs to that narrow class of cases in which the termination of a class representative's claim does not moot the claims of the unnamed members of the class." *Gerstein v. Pugh*, 420 U.S. 103, 111 n.11 (1975). The Supreme Court went on to explain that "[i]t is by no means certain that any given individual, named as plaintiff, would be in pretrial custody long enough for a district judge to certify the class. Moreover, in this case the constant existence of a class of persons suffering the deprivation is certain." *Id.* at n.11. "The claim, in short, is one that is distinctly "'capable of repetition, yet evading review.'" *Id.* at n.11.

In the wake of *Sosna* and *Gerstein*, the Eighth Circuit has held that "where a claim is 'capable of repetition but evading review' a court may rule on class certification even if the named plaintiff's individual claim bec[o]me[s] moot before the court ha[s] considered class certification." *Shipman*, 877 F.2d at 682 (quoting *Gerstein*, 420 U.S. at 111 n.11). For example, in *Owens v. Heckler*, the Eighth Circuit affirmed injunctive relief in favor of a class of recipients whose Aid to Families with Dependent Children (AFDC) benefits were illegally reduced by the Department of Health and Human Services. 753 F.2d 675 (8th Cir. 1985). In that case, Plaintiff Owens filed a putative class action on October 26, 1982 on behalf of himself and others similarly situated. Although the district court denied Owen's request for a preliminary injunction on April 7, 1983, it concluded five months later that class certification was still appropriate and, as the Eighth Circuit explained, "made the certification retroactive to February 23, 1983, under the

5

relation-back doctrine of *Sosna v. Iowa*. The class action could therefore proceed even though Owens' individual claim had become moot." *Id.* 676-677 (8th Cir. 1985).

The present case poses a similar situation. J.W.M.'s benefits were allegedly cut off without proper notice or an opportunity for review, nor with the opportunity for the continuation of benefits pending the outcome of such review. When her mother sued to enforce the State's obligation on behalf of J.W.M. and others subject to the same disenrollment provisions, the State reinstated her benefits, thereby mooting her case. There is no reason to believe that the banking errors precipitating J.W.M's missed premium payment are incapable of recurring, or that others in J.W.M's situation are not susceptible to the same sort of accidental disenrollment. Defendants concede that it is there policy not to notify recipients of disenrollment for nonpayment prior to termination of benefits. Thus, it is likely that other recipients would find themselves disenrolled without a remedy short of bringing a lawsuit to enforce the federal regulations, at which point, the State could simply reinstate them and moot their claims. As in *Shipman* and *Owens*, the challenged conduct in this case is capable of repetition yet evading review because the State could continually eliminate potential class representatives one at a time. Thus, in considering the motion for class certification, the Court will review the relevant Rule 23 factors of J.W.M's claims as of the date her petition was filed under the "relation-back" doctrine of *Sosna*, 419 U.S. at 401-02.

## III.    Class Certification

Before the Court may certify a class action, the representative plaintiff or plaintiffs must satisfy the four prerequisites of Rule 23(a) as well as at least one of the three requirements of Rule 23(b). *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997). Rule 23(a) provides:

> One or more members of a class may sue . . . as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). These prerequisites are otherwise known as (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation, and the burden is on the plaintiff to establish each one. *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 156 (1982).

During oral argument on May 8, 2007, Defendants conceded that Plaintiffs satisfy all Rule 23(a) requirements other than numerosity since Plaintiffs have not shown the existence of a number of similarly affected people so numerous as to preclude joinder. However, Defendants also conceded at oral argument that it is the State's policy not to send predeprivation notice to those who miss their premiums, informing them of their right to request a review and to continued benefits pending the outcome of the review. Although Plaintiffs have not shown that any other recipients have lost benefits without notice under this policy, defense counsel had no explanation for why such a policy would be necessary in the first place unless such occurrences were common.  Moreover, because it is the policy itself that Plaintiffs challenge, Defendants have effectively admitted that

7

their conduct affects the entire class of MC+ recipients who pay a monthly premium for their benefits because all such recipients are subject to the policy even if they have not yet missed a payment. There is no dispute that thousands of recipients are responsible for a monthly premium. Such a large group could not be joined in a single action absent class certification.

For the same reasons that Plaintiffs have satisfied the numerosity requirement of Rule 23(a), the Court also concludes that Plaintiffs have satisfied the second of three possible requisites of Rule 23(b), namely that "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed. R. Civ. P. 23(b)(2). The policy to which Defendants admit fails to notify anyone within the class of their right to continued benefits pending review in the event of a missed premium. Plaintiffs need not show that the entire class has been deprived of their rights by the policy in order to warrant certification. It is enough that Defendants concede that the policy exists. Whether the policy violates the class members' rights is a question for another day, but for purposes of class certification, Plaintiffs have met their burden. The class of "[a]ll children residing in Missouri and who are receiving or who will receive MC+ health coverage and are required to pay a premium under Mo. Rev. Stat. § 208.640" is therefore certified, for purposes of this law suit.

**IV.  Preliminary Injunction**

Defendants chose not to fully respond to Plaintiffs' Motion for Preliminary Injunction since J.W.M.'s individual claim was moot and, until this Order, no class had been certified. Although Defendants "reserved the right to address that issue at a later date if the Court opts to grant plaintiffs' request for class certification," the Court concludes that brief oral argument on Plaintiffs' Motion for Preliminary Injunction is the appropriate vehicle to resolve the issue. Had Defendants wanted to respond in writing, they had the opportunity to do so. At oral argument, at a minimum, the parties should address the relationship between the regulations cited by the Plaintiffs and the more specific statutes pertaining to SCHIP programs, i.e., 42 U.S.C. § 457 *et seq.*

Oral Argument shall be heard by telephone at <u>10:30 a.m.</u> on <u>July 3, 2007</u>. Each side shall have fifteen minutes for argument, and Plaintiffs may reserve up to three minutes of their time for rebuttal.

**III.   Conclusion**

Accordingly, it is hereby

ORDERED that Plaintiffs' Motion for Class Certification [Doc. # 5] is GRANTED.  The Court CERTIFIES a CLASS  to be represented by Plaintiffs consisting of "All children residing in Missouri and who are receiving or who will receive MC+ health coverage and are required to pay a premium under Mo. Rev. Stat. § 208.640."  It is further

ORDERED that ORAL ARGUMENT on Plaintiffs' Motion for Preliminary Injunction [Doc. # 11] shall be heard by telephone at 10:30 a.m. on July 3, 2007.

      s/ NANETTE K. LAUGHREY
      NANETTE K. LAUGHREY
      United States District Judge

Dated: June 25, 2007
Jefferson City, Missouri